# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION<br><br>Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant. | Civil Case No. 3:21-CV-03825-VC |

## NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS

TO:  Parties on the attached Certificate of Service

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, and subject to an agreed-upon protocol regarding remote depositions, the attached Subpoena is being served by Defendant Intuitive Surgical, Inc. ("Intuitive") on Alliance Healthcare Partners, LLC commanding it to produce certain designated documents to Intuitive on July 5, 2022 at 10:00 AM at the Hilton Scottsdale Resort & Villas, 6333 N. Scottsdale Rd. Scottsdale, AZ 85250, or at such location and date upon which Intuitive and Alliance Healthcare Partners, LLC may mutually agree.

Dated:  June 3, 2022

*/s/ Michael Bailey*
MICHAEL S. BAILEY *(Pro Hac Vice)*
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, N.W.

Washington, D.C. 20005
Tel: 212.371.7000
Fax: 202.393-5760
michael.bailey@skadden.com

*Counsel for Intuitive Surgical, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION<br><br>Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant. | Civil Case No. 3:21-CV-03825-VC |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2022, I served the NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, to the following counsel of record via email:

| | |
|---|---|
| Bonny E. Sweeney | bsweeney@hausfeld.com |
| Brent William Landau | blandau@hausfeldllp.com |
| Gary Ivan Smith , Jr. | gsmith@hausfeld.com |
| Icee N. Etheridge | ietheridge@srkattorneys.com |
| Jeannine M Kenney | jkenney@hausfeld.com |
| Jeffrey J. Corrigan | jcorrigan@srkattorneys.com |
| Jeffrey Lawrence Spector | jspector@srkattorneys.com |
| John Elliott Sindoni | jsindoni@bonizack.com |
| Joshua D. Snyder | jsnyder@bonizack.com |
| Kevin Bruce Love | klove@cridenlove.com |
| Michael J. Boni | mboni@bonizack.com |
| Seth R. Gassman | sgassman@hausfeld.com |
| Christopher J Bateman | cbateman@cohenmilstein.com |
| Daniel McCuaig | DMcCuaig@cohenmilstein.com |
| Heather T. Rankie | hrankie@zelle.com |
| James S. Dugan | jdugan@zelle.com |
| Jennifer Duncan Hackett | jhackett@zelle.com |
| Judith A. Zahid | jzahid@zelle.com |
| Manuel Juan Dominguez | jdominguez@cohenmilstein.com |

Dated:  June 3, 2022

                                         */s/ Michael Bailey*
                                         MICHAEL S. BAILEY *(Pro Hac Vice)*
                                         *Counsel for Intuitive Surgical, Inc.*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| In Re: Da Vinci Surgical Robot Antitrust Litigation ) <br> *Plaintiff* ) <br> v. ) <br> Intuitive Surgical, Inc. ) <br> *Defendant* ) | Civil Action No. 3:21-CV-03825-VC |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Alliance Healthcare Partners, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached.

| Place: Hilton Scottsdale Resort & Villas <br> 6333 N. Scottsdale Rd. <br> Scottsdale, AZ 85250 | Date and Time: <br> July 5, 2022 @ 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/2/2022

*CLERK OF COURT*

OR

_____          /s/ Michael S. Bailey
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Intuitive Surgical, Inc. , who issues or requests this subpoena, are:

Michael Bailey, Skadden, Arps, Slate, Meagher & Flom, 1440 New York Ave NW, Washington, DC 20005
michael.bailey@skadden.com, 202-371-7391

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:21-CV-03825-VC

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Case 3:22-mc-80314-VC   Document 12-1   Filed 08/26/22   Page 8 of 18

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Pursuant to Federal Rules of Civil Procedure 26, 24, and 45, and subject to the Definitions and Instructions set forth below, Defendant Intuitive Surgical, Inc. ("Intuitive") requests that Alliance Healthcare Partners, LLC ("Alliance"), produce the originals or retained file copies of documents and other writings requested herein. The documents shall be provided for inspection and copying on July 5, 2022, at 6333 North Scottsdale Road, Scottsdale, AZ 85250, or at such location and date upon which the parties mutually agree.

## DEFINITIONS

The following definitions shall apply to these requests for production:

A. "Da Vinci Surgical Systems" shall mean the following four generational platforms commercialized by Intuitive: (i) first generation da Vinci standard Surgical System; (ii) second generation da Vinci S Surgical system; (iii) third generation da Vinci Si Surgical System; and (iv) fourth generation da Vinci X, da Vinci Xi and da Vinci SP Surgical Systems.

B. "EndoWrist Instruments" shall mean all of the instruments and accessories manufactured by Intuitive that incorporate Intuitive's patented "EndoWrist" technology, including forceps, scissors, electrocautery tools and scalpels.

C. A "communication" shall mean any disclosure, transfer or exchange of information or opinion, however made.

D. A "document" shall include all things encompassed by the definition of the word "document" in Federal Rule of Civil Procedure 34(a) and "writings and recordings" in Federal Rule of Evidence 1001(1), including correspondence, contracts, memoranda, tapes, stenographic or handwritten notes, letters, telegrams, reports, cablegrams, records, notes, drafts, proposals, minutes, affidavits, books, papers, magazines, newspaper articles, logs, studies, publications, pamphlets, pictures, photographs, films, audio recordings, maps, surveys, charts, calendars, diaries, invoices, purchase orders, bills, bills of lading, journals, lists, electronically stored data or meta-data, computer disks, tapes, diskettes, computer memory, video, transcripts, and any other written, printed, recorded, or video matter or tangible thing on which any words, pictures, photographs, graphics, or images are affixed or conveyed. A "document" includes every copy of another document.

E. The term "contract" shall be construed to mean any and all documents or communications that reflect a formal or informal agreement, arrangement or understanding between any two or more persons, including amendments to contracts, addendums to contracts and any agreements referenced in contracts.

F. "FDA" shall mean the United States Food and Drug Administration.

G. A "person" shall mean and include any natural person, association, partnership, joint venture, corporation, trust and governmental, business or professional entity.

H. The term "including" shall be construed to mean "including but not limited to" as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope.

I. "Intuitive" or "Defendant" shall mean Intuitive Surgical, Inc.

J. "Alliance" shall mean Alliance Healthcare Partners, LLC or any past and present officers, directors, members, partners, corporate parent, principals, employees, agents, representatives, subsidiaries, parents, affiliates, successors or predecessors, or other persons purporting to act on their behalf.

K. "Class Action Plaintiffs" or "Plaintiffs" shall mean Class Action Plaintiffs, or any past and present officers, directors, members, partners, corporate parent, principals, employees, agents, representatives, subsidiaries, parents, affiliates, successors or predecessors, or other persons purporting to act on their behalf.

L. The term "related to" shall be construed to mean concerning, referring to, describing, constituting, mentioning, summarizing, demonstrating, containing, showing, comprising, embodying, discussing, commenting on, consisting of, reflecting, tending to prove or disprove or explaining.

## INSTRUCTIONS

The following rules of construction apply:

1. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to make the requests inclusive rather than exclusive.

2. The terms "any" and "each" shall be construed as encompassing any and all.

3. The use of the singular form of any word includes the plural and vice versa.

B. As used herein, all phrases following the term "including" are intended to illustrate the kinds of matters that are responsive to the request. Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the request.

C. If any document or portion of a document is withheld or redacted on the basis of any asserted privilege, in lieu of the withheld information, please provide a written statement or schedule indicating:

1. The type of document, e.g., letter or memorandum;

2. The general subject matter of the document;

3. The date of the document;

4. The author, addresses and all recipients of the document, including, where not otherwise apparent, the relationships of all authors, addresses and recipients to each other, along with their titles and affiliations; and

        5.    A description of the claimed basis for the asserted immunity.

D.    In responding to these requests for production, please furnish all information in the possession, custody or control of Alliance, including all information in the possession, custody or control of any person acting on the behalf of Alliance. Without limitation of the word "control" as used in the preceding sentence, a document shall be deemed to be in Alliance's control if Alliance has the right to secure the document or a copy of the document from another person or any other public or private entity having possession or custody thereof.

E.    The production by one person, party or entity of a document does not relieve Alliance from the obligation to produce its own copy of that document, even if the two documents are identical.

F.    All documents that are responsive, in whole or in part, to any portion of the Requests shall be produced in their entirety, including all attachments and enclosures. If any responsive document contains both privileged and non-privileged materials, produce the entire document with the privileged material redacted and the fact of the redaction clearly indicated.

G.    Any verbs in the present tense should be read to include the past, future, and imperfect tenses.

H.    Alliance's obligation to respond to each of these Requests is a continuing one. If after responding to any Request, Alliance obtains or becomes aware of additional information responsive to any Request, Alliance must

supplement your response in accordance with Federal Rules of Civil Procedure 26 and 34.

## DOCUMENT REQUESTS

1. All documents Alliance produced in response to a request for production pursuant to Fed. R. Civ. P. 34, pursuant to Fed. R. Civ. P. 33(d), or otherwise during discovery in *Restore Robotics LLC v. Intuitive Surgical, Inc.*, No. 5:19-cv-00055.

2. All documents and communications related to the pricing or costs to use to maintain, repair, work on, or otherwise interact with any da Vinci Surgical System or EndoWrist Instrument, including any pricing models or costs analyses. This includes all such documents and communications that otherwise would have been produced in the *Restore* litigation if the timeframe for production had continued to the present.

3. All documents and communications related to the impact, effect, or consequences of any person or entity using or intending to use to maintain, repair, work on, or otherwise interact with any da Vinci Surgical System or EndoWrist Instrument, including any analysis of such entity's contracts, agreements, or warranties with Intuitive. This includes all such documents and communications that otherwise would have been produced in the *Restore* litigation if the timeframe for production had continued to the present.

4. All documents related to contracts between Restore and Alliance, including all such documents that otherwise would have been produced in the *Restore* litigation if the timeframe for production had continued to the present.

5. All documents and communications related to the 510(k) application Alliance submitted on behalf of Restore. This includes all such documents and communications that otherwise would have been produced in the *Restore* litigation if the timeframe for production had continued to the present.

6. All documents and communications related to whether the efforts Restore and/or any other entity have used or intend to use to maintain, repair, work on, or otherwise interact with any da Vinci Surgical System or EndoWrist Instrument require or would require 510(k) clearance, PMA approval, or any other regulatory approval, including any analysis of Restore's regulatory approach. This includes all such documents and communications that otherwise would have been produced in the *Restore* litigation if the timeframe for production had continued to the present.

7. All documents and communications related to anyone expressing a belief or understanding regarding whether Restore's maintaining, repairing, refurbishing, remanufacturing, or servicing of da Vinci Surgical Systems or EndoWrist Instruments requires 510(k) clearance, PMA approval, or any other regulatory approval. This includes all such documents and communications that otherwise would have been produced in the Restore litigation if the timeframe for production had continued to the present.

8. All documents and communications related to initiating or submitting an application for 510(k) clearance, PMA approval, or any other regulatory

approval, for Restore's maintaining, repairing, refurbishing, remanufacturing, or servicing of da Vinci Surgical Systems or EndoWrist Instruments, including any drafts of such applications or submissions.  This includes all such documents and communications that otherwise would have been produced in the *Restore* litigation if the timeframe for production had continued to the present.

9. All documents and communications with any regulatory agency, including the FDA, related to Restore's maintaining, repairing, refurbishing, remanufacturing, or servicing of da Vinci Surgical Systems or EndoWrist Instruments, including all documents and communications with any regulatory agency.  This includes all such documents and communications that otherwise would have been produced in the *Restore* litigation if the timeframe for production had continued to the present.

10. All documents obtained from or in the course of working with Restore related to da Vinci Surgical Systems, EndoWrist Instruments, Intuitive, or robotics generally, including testing materials.  This includes all such documents and communications that otherwise would have been produced in the *Restore* litigation if the timeframe for production had continued to the present.

11. All documents produced to Restore, whether formally in response to a subpoena, or informally as they may relate to or concern the litigation, *Restore Robotics LLC et al. v. Intuitive Surgical, Inc.*, No. 5:19-cv-TKW-MJF (N.D. Fla. February 27, 2019.

12. All communications and other documents that relate to maintaining, repairing, refurbishing, remanufacturing, or servicing da Vinci Surgical Systems and/or EndoWrist Instruments by any entity or company.