# Exhibit 2

# Jeffrey L. Berhold, P.C.
Attorney at Law

| | |
|---|---|
| 1230 Peachtree St., Suite 1050 | Telephone: (404) 872-3800 |
| Atlanta, Georgia 30309 | Email: jeff@berhold.com |

June 16, 2022

Michael S. Bailey
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 NEW YORK AVE NW,
WASHINGTON, DC 20005

Re:    Subpoenas to Alliance Healthcare Partners LLC - Objections

<u>VIA EMAIL</u>

Dear Mike:

     This firm represents Alliance Healthcare Partners LLC ("Alliance") in connection with the subpoenas served by Intuitive Surgical, Inc. ("Intuitive") in In re: da Vinci Surgical Robot Antitrust Litigation, No. 3:21-CV-03825-VC (N.D. Cal. May 20, 2021) ("*Larkin*") and *Surgical Instrument Service Company, Inc. v. Intuitive Surgical Inc.*, No. 3:21-CV-03496-VC (N.D. Cal. May 20, 2021) ("*SIS*").

     Alliance received a nearly identical subpoena in *Restore Robotics LLC, et. al v. Intuitive Surgical, Inc.*, No. 5:19cv55-TKW-MJF (N.D. Fl. Feb. 27, 2019) ("*Restore*"). Alliance has a business relationship with the plaintiffs in *Restore*. Therefore, Alliance agreed to produce more than 1,700 documents in that litigation that were created before the service of the subpoena in *Restore*. Pursuant to the protective order in *Restore*, Alliance produced those documents on the condition that they "shall be used solely for the preparation, trial and appeal of [that case] and not for any other purpose." Dkt. 58 at 8.

     Alliance objects to the production of any confidential information in *Larkin* or *SIS*.[1] Alliance has no business relationship with any of the parties in those cases. Moreover, some of the parties in *Larkin* or *SIS* are competitors or potential competitors. The requested documents contain trade secrets and other confidential research, development, and commercial information. Alliance does not disclose the identity of its vendors or clients and closely holds its own business methods and the technical data and scientific analysis created on behalf of its clients. Intuitive does not have a substantial need for such material in *Larkin* or *SIS*: the requested discovery is not "essential to a judicial determination" in those cases. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 686 (N.D. Cal. 2006).

---

[1] Alliance also objects that it does not have authority to produce Restore's confidential information in *Larkin* or *SIS*.

Moreover, Alliance objects to conducting a second search for documents for *Larkin* and *SIS*. The subpoenas request "all such documents and communications that otherwise would have been produced in the *Restore* litigation if the timeframe for production had continued to the present." Alliance objects that Intuitive appears to be using the subpoenas here for the improper purpose of conducting discovery in *Restore* after the close of discovery and the denial of summary judgment in that case. In fact, Intuitive has already filed and lost one motion for reconsideration based on "new information" in *Restore*.

Alliance further objects that the burden and expense of commencing a second search and production for more documents created after the first search and production outweighs the likely benefit.[2] Alliance, which is a small entity with less than $2 million in annual sales, has already conducted a detailed search for documents and provided more than 200 pages of deposition testimony from two separate witnesses, on the issues that may have been raised by its work for Restore. Alliance does not see how additional documents regarding its work for Restore are relevant to *Larkin* or *SIS* – or how such relevance outweighs the significant burden on a small third party with no relationship to the parties in the case. In fact, Alliance would have to incur significant expense in conducting a second search and production.

Let me know if you have any questions.

Sincerely,

Jeffrey L. Berhold

---

[2] Moreover, the subpoena does not provide a reasonable time for compliance if there would be any additional search for documents.