Jeffrey L. Berhold, Esq.
Georgia State Bar No. 054682
*Admitted Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Attorney for Movant
ALLIANCE HEALTHCARE
PARTNERS LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: Subpoena to Alliance Healthcare Partners LLC<br><br>*In Connection with In Re Da Vince Surgical Robot Antitrust Litigation*<br><br>Da Vinci Surgical Robot Antitrust Litigation,<br><br>        Plaintiffs,<br><br>        vs.<br><br>Intuitive Surgical Incorporated,<br><br>        Defendant. | No. 2:22-mc-00033-DWL<br><br>Pending in the United States District Court for the Northern District of California—Civil Case No. 3:21-CV-03825-VC<br><br>**ALLIANCE HEALTHCARE PARTNERS LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S APPLICATION FOR AN ORDER COMPELLING ALLIANCE HEALTHCARE PARTNERS, LLC TO COMPLY WITH DEFENDANT'S SUBPOENA OR, IN THE ALTERNATIVE, TO TRANSFER** |

Alliance Healthcare Partners LLC ("Alliance") hereby submits this supplemental brief updating the Court on the status of production of documents in response to the subpoena served by Defendant Intuitive Surgical, Inc. ("Intuitive") in the Da Vinci Surgical Robot Antitrust Litigation. On September 30, 2022, , the FDA cleared the 510(k) submission at issue in the case (K210478) confirming the substantial equivalence of the devices.[1]

Moreover, third party Restore Robotics, which hired Alliance to prepare K210478 and handle clearance with the FDA, has produced the submissions by Alliance to the FDA (including all testing methods and safety data) in its own separate litigation against Intuitive.[2] Restore has also consented to their use in this matter with the new confidentiality designation for outside counsel only. These documents were collected and produced in the Da Vinci Surgical Robot Antitrust Litigation on top of the documents collected and produced by Alliance in response to the subpoena from Intuitive in *Restore v. Intuitive*.

Alliance continues to object to the undue burden of conducting a second broad search, review, and production of additional documents beyond the submissions to the FDA. Fed. R. Civ. Proc. 45(d)(iii)(A)(iv). Intuitive concedes that it has not conducted such a search itself for its own 510(k) application for extended use instruments (K214095). Intuitive sold its own instruments for nearly two years without a 510(k). But Intuitive has only collected and produced the submissions to the FDA. Now, so has Alliance. That should be enough for Alliance. It was enough for Intuitive.

Furthermore, Alliance has already borne a significant burden in responding to requests for documents and depositions from Intuitive in *Restore v. Intuitive*. Now,

---

[1] https://www.accessdata.fda.gov/cdrh_docs/pdf21/K210478.pdf

[2] *Restore Robotics LLC, et. al v. Intuitive Surgical, Inc.*, No. 5:19cv55-TKW-MJF (N.D. Fl. Feb. 27, 2019) ("*Restore*").

Alliance has taken on an additional burden in collecting and producing the additional submissions to the FDA. Again, that should be enough.

Finally, Alliance's remaining confidential research, development, and commercial information – which was not necessary for the 510(k) – is not "essential to a judicial determination" in this case. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 686 (N.D. Cal. 2006).[3] Restore is just one of many ISOs competing or looking to compete in this market with competing technologies. And the FDA only relied on the submissions to the FDA, including the testing methods and safety data, to make its determination of substantial equivalence to clear the device for marketing and sale. Intuitive has that information. Nothing more is needed from Alliance because we know nothing more was needed from Intuitive.

In sum, Intuitive lacks substantial justification for continuing with its motion. At this point, it is merely a fishing expedition to try to circumvent the discovery deadline in *Restore v. Intuitive* and harass Restore and its business partners ahead of trial in *Restore v. Intuitive*.[4]

DATED: October 24, 2022

JEFFREY L. BERHOLD, P.C.

By:    /s/ Jeffrey L. Berhold
Jeffrey L. Berhold

---

[3] *See also In re Novartis & Par Antitrust Litig.*, No. 2:19-MC-00149, 2019 WL 5722055, at *6 (E.D. Pa. Nov. 5, 2019) (production of a third party sales and pricing data ordered given showing that the data was "essential in determining potential damages"), *Direct Purchaser Class Plaintiffs v. Apotex Corp.*, No. 16-62492-MC, 2017 WL 4230124, at *2 (S.D. Fla. May 15, 2017) (disclosure must be "relevant and necessary to the action").

[4] Summary judgment has been denied. Trial is specially set for February 6, 2023.